UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BEATRICE TAYLOR,

    Plaintiff,      CIVIL ACTION NO. 08-11926

   v.         DISTRICT JUDGE ARTHUR J. TARNOW

CLARICE STOVALL,     MAGISTRATE JUDGE MARK A. RANDON

    Defendant.
_____/

## REPORT AND RECOMMENDATION DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)

### I. INTRODUCTION

Petitioner, Beatrice Taylor ("Petitioner"), was convicted of murdering Geraldine Davis ("Davis"), who died from a stab wound to the chest.  During the trial, details of two prior stabbing incidents involving Petitioner were admitted under Michigan Rule of Evidence 404(b), and the prosecutor made statements to the jury that were alleged to be improper.  Throughout the state court proceedings, Petitioner argued that these acts constituted error sufficient to warrant a new trial.  Now, having exhausted her state appellate rights without obtaining a new trial, Petitioner, proceeding *pro se*, seeks federal habeas relief pursuant to 28 U.S.C. § 2254 ("the Petition").  (Dkt. No. 1)

On July 22, 2009, the Petition was reassigned from Magistrate Judge Pepe to the undersigned for a Report and Recommendation.  (Dkt. No. 12)  Since the undersigned finds

- 1 -

Petitioner's claims of error are either not subject to federal habeas review or are without merit, it

is RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED.

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

Following a state district court arraignment and preliminary examination, Petitioner was

arraigned on an information in circuit court, on June 14, 2006, charging her with first and

second-degree murder.  (Dkt. No. 10-2, pp. 1-2)[1]  Petitioner was accused of killing Davis, who

died from a single stab wound to the upper chest.  (Dkt. No. 10-3, p. 5)  Petitioner admitted to

stabbing Davis, but claimed it was in self-defense.  (Dkt. No. 1, p. 15)

On August 18, 2006, Wayne County Circuit Court Judge Craig S. Strong held a hearing

on the motion of the People of the State of Michigan ("the State") to allow evidence of other acts

pursuant to MRE 404(b)(1), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to
> prove the character of a person in order to show action in
> conformity therewith.  It may, however, be admissible for other
> purposes, such as proof of motive, opportunity, intent, preparation,
> scheme, plan, or system in doing an act, knowledge, identity, or
> absence of mistake or accident when the same is material, whether
> such other crimes, wrongs, or acts are contemporaneous with, or
> prior or subsequent to the conduct at issue in the case.

Specifically, the State sought to introduce evidence at trial that on October 10, 1992, Petitioner

had stabbed James Zelmanski ("Zelmanski") in the chest (Dkt. No. 10-4, p. 3), and four months

later fatally stabbed Sandy Brown ("Brown") in the chest.  (Dkt. No. 10-4, pp. 4-5)  The State

---

[1] Docket Number 10 contains the Rule 5 materials.  The number following the "–" refers
to the attachment number, which is followed by the page number.

argued that admission of these acts was evidence of Petitioner's intent, common scheme, knowledge, and absence of mistake.  (Dkt. No. 10-4, p. 7)  At the time, Petitioner argued (as she does in the Petition) that the stabbing of Zelmanski was the result of a workplace accident, for which she was acquitted, and Brown was her boyfriend, who she stabbed 27 times after finding him in the act of intercourse with another woman in Petitioner's home.  (Dkt. No. 10-4, p. 8)  Therefore, Petitioner argued that the other acts were not sufficiently similar to be admissible and were far more prejudicial than probative.  (Dkt. No. 10-4, pp. 9-10)

At the conclusion of the hearing, Judge Strong granted the State's motion finding that the other acts were being offered for a "legitimate purpose" and were more probative than prejudicial.  (Dkt. No. 10-4, p. 13)  As a result, details of the two other stabbing incidents were presented to the jury during Petitioner's trial.  However, the trial court cautioned the jury that the evidence was not to be used for propensity purposes.[2]

Throughout the state court proceedings, Petitioner maintained that, during her trial, the prosecutor engaged in misconduct by making the following statements to the jury: (1) (during the opening statement) that Petitioner had served time in jail for Brown's murder and was on parole when she killed Davis; and (2) (during closing argument) that Petitioner "has a prior record for violence" and that "the smallest thing seems to make this woman angry and when she gets angry she will kill you, that's her response.  She will kill you."  Petitioner's counsel objected to the

---

[2] *People v. Taylor*, Michigan Court of Appeals No. 273444 (2007), p. 3.

prosecutor's remarks during the opening statement *but not* the remarks made during closing argument.[3]

On August 31, 2006, Petitioner was convicted of second-degree murder.[4]  And, after her motion for a new trial was denied, Petitioner was sentenced to 36-50 years in prison.  In March 2007, Petitioner, through counsel, filed a Brief on Appeal with the Court of Appeals, raising the following two issues:

I.      The trial court's allowance into evidence under MRE 404(b) of two prior "bad acts," a felonious assault prosecution from 1992 – of which [Petitioner] was acquitted – and a murder conviction from 1993, was an abuse of discretion in this murder prosecution which denied [Petitioner] of her constitutional rights to a fair trial under the Sixth Amendment and due process under the Fourteenth Amendment.

II.      [Petitioner] was denied her Sixth and Fourteenth Amendment rights to a fair trial and due process of law through misconduct of the prosecutor, which consisted of improper comment and argument; additionally, defense counsel's failure to timely object deprived [Petitioner] of her Sixth Amendment right to the effective assistance of counsel.

On November 29, 2007, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's conviction.[5]

In December 2007, Petitioner filed a *pro se* application for leave to appeal with the Michigan Supreme Court, raising the same two issues previously presented to the Court of

---

[3] *People v. Taylor*, Michigan Court of Appeals No. 273444 (2007), pp. 3-4.

[4] MCL 750.317.

[5] *People v. Taylor*, Michigan Court of Appeals No. 273444 (2007).

- 4 -

Appeals.  On March 24, 2008, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed.[6]  Petitioner then filed the instant *pro se* application for a writ of habeas corpus on May 7, 2008, asserting the identical two claims brought before the state appellate courts.

## III.  ANALYSIS

### A.    *Standard of Review*

In habeas proceedings, the federal courts do not sit to re-try state cases *de novo*, but, rather, to review for violation of federal constitutional standards.  *Milton v. Wainwright*, 407 U.S. 371, 377-378 (1972).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs all petitions for writs of habeas corpus, like the instant Petition, filed after April 24, 1996.  The AEDPA provides in pertinent part that:

> d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[6] *People v. Taylor*, Michigan Supreme Court No. 135531 (2008).

- 5 -

"A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). In *Woodford v. Visciotti*, the Supreme Court stated that 28 U.S.C. § 2254(d) imposes a highly deferential standard for evaluating state court rulings on habeas review, and "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The Supreme Court further reasoned that a "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Id.*

**B.     *Analysis of Petitioner's Claims***

**1.        *Improper MRE 404(b) Evidence***

As indicated above, Petitioner's first claim is that:

I.      [t]he trial court's allowance into evidence under MRE 404(b) of two prior "bad acts," a felonious assault prosecution from 1992 – of which [Petitioner] was acquitted – and a murder conviction from 1993, was an abuse of discretion in this murder prosecution which denied [Petitioner] of her constitutional rights to a fair trial under the Sixth Amendment and due process under the Fourteenth Amendment.

Petitioner contends that admitting evidence of the two prior stabbing incidents was an abuse of discretion by the lower court. This claim is based on an alleged misapplication of Michigan law – MRE 404(b) concerning prior "other acts" evidence. Petitioner raised the issue on direct appeal in state court – that the prosecutor's statements constituted improper propensity evidence. The Michigan Court of Appeals considered and rejected Petitioner's claim:

Defendant argues that the trial court abused its discretion in admitting evidence of her prior bad acts because it was not admitted for a proper purpose. Evidence of bad acts, however, may

be admissible for purposes "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material . . . ."  In this case, the prosecution presented evidence that defendant stabbed Zelmanski and Brown to show intent, knowledge, and lack of mistake or accident.  Defendant raised these issues by claiming that she did not know that she "grabbed a knife" before she stabbed Davis and that she "wasn't trying to hurt [Davis]."  The fact that defendant previously stabbed two people in the chest, killing one, makes it more likely that she intended to stab Davis and that she realized the potential consequences of her actions. "The more often a defendant acts in a particular manner, the less likely it is that the defendant acted accidentally or innocently . . ., and conversely, the more likely it is that the defendant's act is intentional."  Therefore, we find that the evidence was admitted for a proper purpose pursuant to MRE 404(b).

*People v. Taylor*, No. 273444 (Mich. App. Nov. 29, 2007).  Thus, Petitioner is not alleging a

violation of federal law with regard to the trial court's admission of allegedly improper character

evidence.  Instead, the admission of such evidence is entirely a matter of Michigan law.

The Sixth Circuit has recognized that "errors in application of state law, especially with

regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus."  *Bey*

*v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (involving Ohio Rule of Evidence 404(b)) quoting

*Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *see also Coleman v. Mitchell*, 329 F.3d 496,

512 (6th Cir. 2003) (a federal habeas court does not address "errors in the application of state

law, especially rulings regarding the admission or exclusion of evidence").  And, the United

States Supreme Court has stated that ". . . it is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991).  Therefore, since Petitioner continues to maintain that the trial court's evidentiary

ruling violated MRE 404(b), her claim is not subject to federal habeas review and must be denied. *Bey*, 500 F.3d at 519 ("to the extent that [petitioner] claims that the trial court's admission of the "other acts" evidence violated Ohio R. Evid. 404(B), he does not provide a cognizable basis for granting habeas relief").[7]

### 2.    *Prosecutorial Misconduct*

Petitioner asserts that the prosecutor in her state court trial committed misconduct, constituting a violation of her right to a fair trial and due process of law under the Sixth and Fourteenth Amendments.  The alleged misconduct stems from improper remarks the prosecutor made during the prosecution's opening statement and closing arguments.

### a.    *Opening Statements*

During her opening statement, the prosecutor remarked about Petitioner's prior term of imprisonment for murder and the fact that she had been on parole for four years when she stabbed Davis (the victim in the present case).  Petitioner fails to offer any argument on this point beyond a conclusory statement that: "[t]he presentation of the prior acts, coupled with the prosecutor's arguments of [Petitioner's] character and propensity tipped the scales of justice, not to a legitimately secured conviction, but instead to denial of due process and fair trial."  (Dkt. No. 1, p. 18)  However, habeas relief is warranted only if the prosecutor's remarks "so infected the

---

[7] If Petitioner is contending that MRE 404(b), itself, contradicts Supreme Court precedent, this argument was rejected by the Sixth Circuit in *Bey,* 500 F.3d at 521 (we have not discovered "any Supreme Court precedent contrary to the effectuation of Ohio's (or any other jurisdiction's) rule for the admission of other acts evidence.").  In addition, since the reasons articulated by the Michigan Court of Appeals (above) were well taken, the state court's application of MRE 404(b) also did not contradict Supreme Court precedent. *Id.*

trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Petitioner's trial counsel made a belated objection to the prosecutor's remarks during opening statements. The trial court, however, found the statements admissible under MRE 404(b), and the Michigan Court of Appeals affirmed. Given that the remarks at issue were properly admitted under Michigan law, as determined by the courts of the state of Michigan; the trial testimony demonstrated that Petitioner admitted to killing Brown; and the trial court gave a curative instruction, the prosecutor's remarks could not be viewed as "improper" or as constituting prosecutorial misconduct. Moreover, even if the remarks were somehow improper, the prosecutor's conduct should be analyzed under a four factor test: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001).

First, the prosecutor's remarks were supported by evidence in the record (to wit, Petitioner's prior conviction) and thus could not be found to be misleading. No objection was made asserting that the remarks were unduly prejudicial under MRE 403, and the trial judge found the other acts evidence admissible to prove intent, knowledge, and absence of mistake. While the remarks were deliberately made, they were isolated. The prosecutor did not repeatedly speak of Petitioner's prior stabbing incidents or convictions; mention of these events was limited to a few sentences. Lastly, the evidence against Petitioner was strong. At issue was not whether

- 9 -

Petitioner killed the victim (this was undisputed), but rather whether the killing was done in self-defense.  The prosecutor's remarks, even if they could be considered improper, did not "infect the trial with unfairness."  *Donnelly*, 416 U.S. at 643.  Thus, Petitioner's claim that her constitutional rights were violated because of prosecutorial misconduct lacks merit.

### b.       *Closing Argument*

Petitioner's trial counsel did not object to the alleged improper remarks made by the prosecutor during closing arguments.  Consequently, the Michigan Court of Appeals reviewed Petitioner's claim for plain error.  *People v. Taylor*, No. 273444 (Mich. App. Nov. 29, 2007), p. 3-4.  This aspect of Petitioner's claim is, therefore, procedurally defaulted and not subject to federal habeas review.  *Smith v. Bradshaw*, No. 07-4305, 2010 WL 154792 (6th Cir. Jan. 19, 2010) *2 ("[t]his claim is procedurally defaulted: counsel failed to object to the comment at trial, and the state court enforced the procedural bar by reviewing the claim only for plain error").

### 3.       *Ineffective Assistance of Counsel*

Petitioner next claims that she was denied her Sixth Amendment right to the assistance of counsel because of her trial counsel's "failure to object to the prosecutor's arguments."  (Dkt. No. 1, p. 18)  "Counsel did not raise timely objections; however, there was a belated objection to the prosecutor's opening statement."  (Dkt. No. 1, p. 17)  To prevail on an ineffective assistance claim, the defendant must show that counsel's performance was constitutionally deficient and that it prejudiced her, "render[ing] the trial unfair and the result unreliable."  *Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009).  In other words, the defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Here, the "error" upon which Petitioner bases her claim was counsel's failure to timely object to the prosecutor's statements as improper character evidence.  However, the trial judge properly instructed the jury as to the permissible use of such evidence as proof of intent, knowledge, and lack of mistake.  The Michigan Court of Appeals held that this was not an abuse of discretion, and that the evidence was admitted for a proper purpose under MRE 404(b).  *People v. Taylor*, Michigan Court of Appeals No. 273444 (2007) at 2.  Even had counsel made a timely objection, the "other acts" evidence at issue would have been admitted.  Thus, even if a failure to timely object in this instance could be considered "error," it could not be said to be of such weight that "the result of the proceeding would have been different" without it.  *Strickland*, 466 U.S. at 694.  Petitioner has failed to meet her burden under *Strickland* to show that she was denied the effective assistance of counsel.

## IV.  CONCLUSION

For the reasons stated above, it is RECOMMENDED that Petitioner's Application for a Writ of Habeas Corpus be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  February 5, 2010


*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 5, 2010, by electronic and/or ordinary mail.*


*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*